UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**Civil Action No.:**

**TASHA DOBBS**

    **Plaintiff,**

**v.**

**HEALTHCARE COLLECTIONS LTD; and**
**A-1 COLLECTIONS, LLC**

    **Defendants**

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendants transact business in this District.

1

7. Defendant Healthcare Collections, Ltd., is a Colorado limited liability company that conducts business in Colorado and is the parent organization to Defendant A-1 Collections, LLC who also conducts business in Colorado.

## PARTIES

8. Tasha Dobbs (hereinafter Plaintiff) is a natural person who resides in the State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant Healthcare Collections, Ltd (hereinafter Defendant Healthcare) and Defendant A-1 Collections, LLC (hereinafter Defendant A-1) are both Colorado limited liability companies operating from an address of 715 Horizon Drive, Suite 401, Grand Junction, Colorado 81506 and are both "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Both Defendants are attempting to collect on a delinquent medical debt which they allege is owed by the Plaintiff.

11. The debt that the Defendants are attempting to collect is a debt as defined by 15 U.S.C. §1692a(5).

12. The Plaintiff disputes the debt that the Defendants are trying to collect on.

13. The Plaintiff is employed by the State of Colorado as an adult parole officer with the Colorado Department of Corrections.

14. The Plaintiff, in her official capacity supervises adult felons who have been released from prison and are serving out their periods of parole.

15. As a parole officer, the Plaintiff, like most involved in law enforcement and corrections, work diligently to protect their privacy from criminals and felons.

16. One of the paroled felons that the Plaintiff supervises is an individual named James Cowart.

17. At one time or another, Cowart was involved in a relationship with a woman named Tiffany Mond.

18. Mond is employed by Defendant A-1 and Defendant Healthcare as a collector.

19. Mond has access to consumer collection accounts, consumer medical information and consumer personal information such as home addresses and telephone numbers as well as social security numbers.

20. At some point before May 22, 2017 a delinquent/defaulted medical debt allegedly incurred by the Plaintiff was sent to the Defendants for purposes of collection.

21. Mond came into knowledge of the Plaintiff's account that had been sent to the Defendants for collection and recognized the name of the Plaintiff as being the same of the name of her boyfriend's (Cowart) parole officer.

22. Mond, an employee of Defendant A-1, contacted Cowart and provided him with confidential and private information concerning the Plaintiff, such as that a debt was being collected on, the Plaintiff's address and possibly other sensitive and confidential information.

23. Cowart, to his credit, immediately notified the Plaintiff of this and gave her notice that such confidential and sensitive information had been shared by Mond, as an employee agent of Defendant A-1.

24. The Plaintiff immediately notified her supervisors of this situation to make it known that Cowart had provided this information and alerted her superiors in the event that Cowart or anyone else tried to use this information maliciously.

25. Of course the Plaintiff, through the actions of Mond, was forced to disclose the fact that she had a defaulted medical debt to her supervisors, a fact that she would have preferred to keep confidential.

26. The Plaintiff then contacted Defendant A-1 to alert them of the actions of Mond.

27. The Plaintiff spoke directly to a "manager" of Defendant A-1 named Terry Line.

28. Over the course of several days, Line claims she conducted an "investigation" into the facts concerning the conduct of her employee Mond.

29. The result of Line's investigation was that Line told the Plaintiff she could find no evidence or any misconduct and therefore refuted the information provided by the Plaintiff.

30. James Cowart has provided a written statement attesting to the facts as outlined by the Plaintiff.

31. Tiffany Mond, in a Facebook posting, referred to her ex-boyfriend and stated that he was trying to get her fired from her job alleging that Mond had shared personal information with him (Cowart).

32. There would be no way imaginable that Cowart could have obtained the knowledge he did concerning the private information of his parole officer, the Plaintiff, unless his story was true.

33. The cursory and or illusionary "investigation" by Line is reprehensible.

34. Line's conduct is particularly reprehensible given that on March 15, 2013 a paroled felon went to the home of the Colorado Department of Corrections Chief Tom Clements and gunned him down as his wife sat inside the personal home.

35. To this day it is unclear how Clement's killer obtained his home address but clearly, such information is regarded as highly sensitive to many involved in the criminal justice system.

36. The FDCPA prohibits a debt collector from sharing information with anyone except the consumer, the consumer's attorney or a credit reporting bureau, see 15 U.S.C. §1692c(b).

37. The Defendants, through their negligent acts, have violated numerous provisions of the Act, including but not limited to 15 U.S.C. §1692d, §1692d(1), §1692d(3), §1692f.

38. The Plaintiff, because of the actions of the Defendants and their employee has suffered damages in the form of embarrassment, humiliation, anxiety, distress.

## *Respondeat Superior Liability*

39. The acts and omissions of the individual collector, and the other debt collectors employed as agents by Defendants who communicated with others in violation of 15 U.S.C. §1692c(b) as more further described herein, were committed within the time and space limits of their agency relationship with her principal, Defendants.

40. The acts and omissions by this employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendants in collecting consumer debts.

41. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendants.

42. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

43.. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

45. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;

2. For statutory damages;

3. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

4. For pre-judgment interest to the extent permitted by law;

5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

6. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/Troy D. Krenning*
Troy D. Krenning, Esq.
**LAW OFFICE OF TROY D. KRENNING, LLC**
640 E. Eisenhower, Suite 200
Loveland, Colorado 80537
Phone: (970) 292-8290
Email: troy@krenninglaw.com
**Attorney for Plaintiff**